**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARY A. JASSO; et al., <br><br>        Plaintiffs - Appellants, <br>and <br><br> ILLA L. GARCIA; et al., <br><br>        Plaintiffs, <br>   v. <br><br> UNITED STATES FOREST SERVICE, <br> United States Department of Agriculture; <br> et al., <br><br>        Defendants - Appellees. | No. 08-17582 <br><br> D.C. No. 2:07-cv-02769-GEB-EFB <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted April 5, 2010[**]

Before:    RYMER, McKEOWN, and PAEZ, Circuit Judges.

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiffs Mary A. Jasso and members of her family appeal pro se from the district court's judgment dismissing their Federal Tort Claims Act ("FTCA") action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal for lack of subject matter jurisdiction under the FTCA's discretionary function exception. *Terbush v. United States*, 516 F.3d 1125, 1128 (9th Cir. 2008). We affirm.

The district court properly dismissed the action because the United States — the only proper party — met the requirements of the discretionary function exception. *See* 28 U.S.C. § 2679(d)(1) (providing that, upon certification that employees were acting within scope of their U.S. government employment, the action shall be deemed an action against the United States which shall be substituted as the defendant); *Terbush*, 516 F.3d at 1129 (recognizing discretionary function exception applies if (a) the government's conduct was discretionary, with no federal statute, regulation, or policy prescribing a specific course of action, and (b) the action or decision involves considerations of public policy); *In re Consol. U.S. Atmospheric Testing Litig.*, 820 F.2d 982, 993-999 (9th Cir. 1987) (holding

discretionary function exception applied to claims against United States for radiation exposure from nuclear weapons testing).

The plaintiffs' remaining contentions, including those regarding constitutional violations whether framed under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), are unpersuasive.

**AFFIRMED.**